United States District Court
Southern District of Texas

**ENTERED**

May 01, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SWN PRODUCTION COMPANY, LLC, *et al.* | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. H-25-3208 |
| v. | § § | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *et al.* | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

St. Paul Fire & Marine Insurance Co., one of the defendants in this case, asks the court to abstain and to transfer in favor of a parallel Louisiana proceeding.[1]  (Docket Entry No. 24).  St. Paul argues that the Louisiana case was filed before it received notice of this Texas lawsuit; that this suit and the Louisiana case present identical primary parties and issues; and that deference to the Louisiana case would serve judicial efficiency.  (*Id.* at 1).  Pipe Pros, the other defendant in this case (but not a party in the Louisiana case), has filed a statement of support, asserting that abstention will "prevent piecemeal litigation" and that, because Louisiana law predominates, deference to Louisiana law will "avoid federal-state friction in deciding matters of state law." (Docket Entry No. 27 at 3).  The plaintiffs responded in opposition.  (Docket Entry No. 31).  St. Paul did not file a reply to the response.

---

[1] Although St. Paul includes as an exhibit a petition for damages in *Bowman v. Independence Contract Drilling, Inc.*, No. 71954, (Docket Entry No. 24-3), another Louisiana case, the Louisiana case upon which its motion for abstention is actually based is *St. Paul Fire & Marine Insurance Company v. SWN Production (Louisiana) LLC*, No. 73919, (Docket Entry No. 24 at 1; Docket Entry No. 24-4).

As a general rule, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction in proper cases. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). This obligation "does not evaporate simply because there is a pending state court action involving the same subject matter." *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995) (citing *Colorado River* at 813–14). Federal courts may abstain from deciding an action to preserve "traditional principles of equity, comity, and federalism." *Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1142 (8th Cir. 1990); *accord Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1189 (5th Cir. 1988). "Abstention doctrines are limited 'federalism-flavored carveouts' to that obligation, created '[o]ut of respect for the legitimate interests of the state, and to avoid needless friction' with their officials." *ODonnell v. Harris County*, 808 F. Supp. 3d 738, 759 (S.D. Tex. 2025) (quoting *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1084–85 (5th Cir. 2023)). Whether a federal court should abstain from hearing an action under one of the abstention doctrines is within the court's discretion. *See Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 394 (5th Cir. 2006).

The court denies the motion to abstain and transfer. As an initial matter, this court cannot "transfer" this case to a Louisiana state court. The statutory bases for transfer are horizontal; they apply only to transfer from one federal court to another. *See* 28 U.S.C. § 1404(a); 1406. There is no statutory authority for a vertical transfer to a state court in a different case. *See Cadence Bank v. JPMorgan Chase Bank, N.A.*, Civ. Action No. H-23-2678, 2024 WL 3868233, at *1 (S.D. Tex. Aug. 19, 2024); *accord Wilken Partners, L.P. v. Chammps Operating Corp.*, No. SA-10-CA-0562-XR, 2011 WL 13238540, at *4 (W.D. Tex. Jan. 3, 2011) ("This court may only transfer to another federal district court; it may not transfer to a state court.").

2

Next, the defendants have provided no persuasive reason for this court to abstain.[2] St. Paul does not identify any particular abstention doctrine but rather points generically to a case from the District of Puerto Rico where the court considered "multiple abstention doctrines." (Docket Entry No. 24 at 5 & n.14 (citing *Federacion de Maestros de Puerto Rico v. Acevedo-Vila*, 545 F. Supp. 2d 207, 218–19 (D.P.R. 2008)). The doctrines identified in *Federacion* are *Burford* abstention, *Pullman* abstention, and *Younger* abstention. 545 F. Supp. 2d at 211–15. Although not mentioned in *Federacion*, however, much of St. Paul's short motion and Pipe Pros' even shorter statement of support appear to involve *Colorado River* abstention,[3] which is based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1975)).

None of these doctrines provide a basis for this court to abstain. First, the complaint requests only damages, (Docket Entry No. 1-6 at 14, 17), so *Younger* abstention does not apply. *See Blue Mint Pharmco, LLC v. Tex. State Bd. of Pharmacy*, 667 F. Supp. 3d 473, 486 (S.D. Tex. 2023) ("The *Younger* doctrine requires dismissal of suits for injunctive and declaratory relief, but not suits for money damages."). Second, *Burford* abstention concerns a federal court's interference with the proceedings or orders of state administrative agencies; it does not apply to

---

[2] The plaintiffs also argue that the defendants have waived abstention because they concurrently filed motions for summary judgment. (Docket Entry No. 31 at 8). Waiver in the abstention context is generally more forgiving than waiver in other contexts, however. *See ODonnell v. Harris County*, 808 F. Supp. 3d 738, 760 (S.D. Tex. 2025) (discussing waiver and *Younger* abstention). In the context of arbitration, the Fifth Circuit has also held that a party seeking arbitration did not waive its right to arbitrate merely because it filed a concurrent motion for summary judgment. *See Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 987 (5th Cir. 2005). Regardless, because the defendants' motion to abstain plainly fails on the merits, the court finds it appropriate to reach the merits.

[3] The motion for abstention does not mention *Colorado River* directly but instead cites to a case weighing the *Colorado River* factors. (Docket Entry No. 24 at 5 & n.17). Oddly, the plaintiffs' response brief *also* does not directly cite *Colorado River*, although the plaintiffs do run through most of the multi-factor analysis. (*See generally* Docket Entry No. 31).

this kind of simple breach of contract suit. *See, e.g.*, *Illinois Cent. R. Co. v. Guy*, 682 F.3d 381, 392 (5th Cir. 2012) (explaining the limits of *Burford* abstention). Third, under *Pullman* abstention, "a federal court should abstain from exercising its jurisdiction 'when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided.'" *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 652 (5th Cir. 2002) (quoting *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 236 (1984)). That is plainly not relevant here.

Nor does *Colorado River* require abstention. This doctrine applies "when there are parallel proceedings in federal and state court." *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002). "Suits are 'parallel,' for the purposes of determining whether *Colorado River* abstention applies, if they '[i]nvolve the same parties and the same issues.'" *Id.* (alteration in original) (quoting *RepublicBank Dallas Nat'l Ass'n v. McIntosh*, 828 F.3d 1120, 1121 (5th Cir. 1987)). "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . .'" *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). *Colorado River* abstention applies only in "exceptional circumstances." *Id.* at 813. The factors that determine whether these circumstances are present are "(1) whether there is a *res* over which one court has established jurisdiction; (2) the inconvenience of the federal forum; (3) whether maintaining separate actions may result in piecemeal litigation; (4) which case has priority-not simply looking at which case was filed first; rather, focusing on the relative process made in each case; (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights." *Boccard USA Corp v. TigPro, Inc.*, Civ. Action No. H-07-0177, 2007 WL 1894154, at *4 (S.D. Tex. July 2, 2007).

Applying these factors, abstention is not warranted.[4]  First, no res or property is at issue. The absence of this factor is not neutral but rather weighs against abstention.  *See Evanston Ins. Co.*, 844 F.2d at 1191; *see also Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006); *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013) (per curiam). Second, there is no indication or argument that the federal forum is inconvenient or that this factor is implicated.  *Evanston Ins. Co.*, 844 F.2d at 1192.  The contract at issue contains a Texas forum selection clause.  (Docket Entry No. 24-1 at 17).  An enforceable forum selection clause means that this factor does not weigh in favor of abstention.[5]  *See Boccard*, 2007 WL 1894154, at *10. St. Paul and Pipe Pros do not argue that the federal forum is inconvenient; rather, St. Paul merely notes that the Louisiana forum "is" adequate and convenient.  (Docket Entry No. 24 at 4).  The relevant question, however, is whether "the inconvenience of the federal forum is so great that this factor points toward abstention."  *See Evanston Ins. Co.*, 844 F.3d at 1192.  Even assuming, without deciding, that the second factor does weigh toward abstention, it would not outweigh the rest of the factors.

Third, "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination."  *Evanston Ins. Co.*, 844 F.2d at 1192.  Although St. Paul and Pipe Pros mention "piecemeal" litigation, their concern appears to be about duplicative litigation.  (*See, e.g.*,

---

[4] The plaintiffs argue that the court need not reach these factors because Pipe Pros is not a defendant in the Louisiana action, and so the proceedings are not "parallel." (Docket Entry No. 31 at 6).  The "same parties" prong is not necessarily so strict as that, however—parties do not need to be "precisely" identical so long as the interests of all the parties named in either action "align undisputedly." *See African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014).  In any event, "because abstention is prohibited by *Colorado River*," the court "need not" address the argument that the federal and state cases are not parallel. *Stewart*, 438 F.3d at 493.

[5] St. Paul's motion for summary judgment challenges the contract's choice of law provision but does not appear to challenge the enforceability of the forum selection clause. (*See* Docket Entry No. 25).  The forum selection clause is not mentioned in St. Paul's motion to abstain and transfer, which barely discusses transfer at all, and is not mentioned in Pipe Pros' statement of support.

5

Docket Entry No. 24 at 4 (stating that adjudication in both forums "risks duplicative litigation"); Docket Entry No. 27 at 2 ("The core legal issue—whether the Louisiana Oilfield Anti-Indemnity Act renders the indemnity and additional insured provisions of the relevant agreements null and void—is identical in both forums."). The primary concern of "piecemeal" litigation (and why abstention is warranted in such circumstances) is that there will be inconsistent rulings over property ownership; that is not at issue here. *See Evanston Ins. Co.*, 844 F.2d at 1185; *Stewart*, 438 F.3d at 492. And to the extent that there could be inconsistent judgments about the same "core legal issue," "a plea of *res judicata* after the completion of one suit could eliminate the problem of inconsistent judgments." *Stewart*, 438 F.3d at 492.

Fourth, St. Paul and Pipe Pros do not contest the plaintiffs' argument that very little has happened in the state-court litigation as compared to this federal case. (Docket Entry No. 31 at 5 (noting that this case has cross-motions for summary judgment pending and an upcoming Docket Call, while "[t]he Louisiana Action, by contrast, has not advanced beyond rulings on venue and has seen no merits development whatsoever." (citing Docket Entry No. 24-6))). To the extent that St. Paul argues that the Louisiana case was filed first (a point that the plaintiffs dispute), that is irrelevant; the Fifth Circuit is clear that "[t]he order of obtaining jurisdiction does not speak for abstention." *Evanston Ins. Co.*, 844 F.3d at 1192. What matters instead is "how much progress has been made in the two actions." *Id.*; *see also Boccard USA Corp.*, 2007 WL 1894154, at *12. This factor weighs against abstention.

Fifth, that Louisiana state law is allegedly at issue is not determinative. "The absence of a federal-law issue does not counsel in favor of abstention." *Evanston Ins. Co.*, 844 F.3d at 1193. Rather, "[t]he presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of surrender

only in rare circumstances." *Id.* This breach-of-contract case involves, among other things, some potential questions about the Louisiana Oilfield Anti-Indemnity Act. Even so, neither St. Paul nor Pipe Pros has pointed to anything "rare" about this case that could justify the application of abstention; at most, Pipe Pros merely contends that Louisiana state law issues "predominate." (Docket Entry No. 27 at 3). That is not a "rare" circumstance justifying abstention. *See Evanston Ins. Co.*, 844 F.3d at 1193 ("This case does not involve rare circumstances under which the presence of controlling issues of Louisiana law might make abstention appropriate.").

Finally, the factor of adequate protection in state court is, at worst, neutral. *Id.* That is, this factor can never weigh for abstention; it can only weigh against abstention or remain neutral. *Id.* This factor does not weigh in favor of abstention. *Boccard*, 2007 WL 1894154, at *12.

In sum, the court cannot transfer this case to Louisiana state court; St. Paul and Pipe Pros have provided this court with no persuasive reason to abstain; and in its own analysis, the court has found no basis to abstain. The motion for abstention and to transfer in favor of parallel Louisiana proceeding, (Docket Entry No. 24), is denied.

SIGNED on May 1, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge